## JOHN W. MULLINEAUX *v.* HENRY VOLTZ ET AL.

*Real Estate Brokers—Commissions—Contract Of Sale
Unperformed.*

Code, art. 2, sec. 17 (Acts 1910, ch. 178), entitling a real estate broker to commissions if a contract of sale is signed, even though such contract is not carried into effect, deals with commissions on the sale of real estate only, and consequently does not apply in the case of a sale of real estate and personal property for a sum named, to be paid in consideration of both, with nothing to show what was to be paid for either the real estate or the personal property when considered separately.

pp. 117, 118

A real estate broker suing for his services in connection with a sale of real and personal property which, though embodied in a written contract, was not carried into effect, could not complain of an instruction excluding the personal property from the jury's consideration, and telling the jury that they might allow him reasonable compensation for his services in connection with the sale of the real estate and permanent improvements.    p. 118

In an action by a real estate broker for the value of his services in making a sale, an instruction that the law requires fifty cents in stamps for every five hundred dollars of consideration *held,* though a mere abstract proposition of law, to involve no reversible error.                    p. 118

*Decided March 9th, 1926.*

Appeal from the Superior Court of Baltimore City (Frank, J.).

Action by John W. Mullineaux, trading as the Glen Realty Company, against Henry Voltz and Fannie M. Voltz, his wife. From a judgment for defendants, plaintiff appeals. Affirmed.

The cause was argued before Bond, C. J., Pattison, Urner, Adkins, Offutt, Digges, Parke, and Walsh, JJ.

*Thomas W. Y. Clark,* with whom was *Thomas Mackenzie* on the brief, for the appellant.

*William G. Towers,* for the appellees.

Pattison, J., delivered the opinion of the Court.

The appellant, John W. Mullineaux, sold for the appellees, Henry Voltz and wife, their farm in Carroll County with their personal property thereon, consisting of live stock and farming implements, to Howard Herring and wife, for the sum of six thousand dollars.

On the 13th day of August, 1923, a written contract of sale was executed therefor by Henry Voltz and Howard Herring, by the terms of which twenty-five dollars were to be paid in cash upon the execution of the contract and the balance of the purchase money was to be paid or secured as follows: one thousand dollars in thirty days, two thousand four hundred and seventy-five dollars within six months, and the balance was to be secured by mortgage upon the farm sold for the amount of such balance. It was further

agreed in the contract that Herring and wife should execute unto Voltz and wife a deed, to be held in escrow, conveying unto them a leasehold dwelling house property on York Road to secure the fulfillment of the terms of the contract on the part of the purchasers.

The twenty-five dollars were paid in cash and the above mentioned deed for the leasehold property was executed by Herring and wife and delivered to Voltz, and possession of the farm was given to the purchasers.

On the 15th day of November the vendors and purchasers, with the appellant and the attorney of the vendors, met in Westminster, Md., at the office of Mr. Hoff, who held a mortgage upon the farm for twenty-five hundred dollars. At this meeting Herring disclosed the fact that he and wife had on the preceding day sold and conveyed to another the York Road property which they had previously sold and conveyed unto Voltz and wife, but the deed for which Voltz had not placed upon record, and from the amounts received therefor he, Herring, could not pay more than five hundred dollars upon the payment of one thousand dollars, which was due at that time. It was then suggested by Voltz that the mortgage that was to be given upon the farm should be increased to three thousand dollars and that in such mortgage the personal property upon the farm be included. This suggestion, however, did not meet with the approval of Herring, and after some further conversation Voltz announced "the matter would not be closed and Hoff thereupon remarked, 'Gentlemen, the whole deal is off.'" Thereafter the appellant demanded of Voltz the payment of three hundred dollars as commissions for the sale made by him of the farm and personal property thereon, and upon the defendant's refusal to pay it the suit in this case was instituted, which resulted in a judgment for the defendant.

At the conclusion of the evidence the plaintiff offered three prayers. Of these two were granted, each with modifications, and the other was rejected. The rulings of the court upon the prayers constitute the only exception found in the record.

By the first prayer of the plaintiff the court was asked to instruct the jury that upon finding the facts stated the plaintiff was entitled to recover the usual broker's commission of five *per centum* upon said sale price of six thousand dollars and the verdict should be for the plaintiff.

In his second prayer he asked that the jury be told upon their finding said facts that the verdict should be for such "a sum as they shall find the plaintiff is entitled to recover as usual broker's commission as testified to." The court modified this prayer by substituting for the words "a sum as they shall find the plaintiff is entitled to recover as usual broker's commission as testified to," the following words, "amount as the jury shall find to be a reasonable compensation for the services which the jury shall find that the plaintiff rendered in connection with the sale of the farm, and the permanent improvements thereon, as mentioned in the evidence."

These prayers, it would seem, were drafted and presented under the Act of 1910, ch. 178 (article 2, section 17 of the Code of 1924), which provides: "Whenever, in the absence of special agreement to the contrary a real estate broker employed to sell * * * real or leasehold estates * * * procures in good faith a purchaser * * *, and the person so procured is accepted as such by the employer, and enters into a valid, binding and enforceable written contract of sale * * *, in terms acceptable to the employer, and such contract is accepted by the employer and signed by him, the broker shall be deemed to have earned the customary or agreed commissions, as the case may be, whether or not the contract entered into be actually into effect, unless the performance of such contract be prevented, hindered or delayed by any act of the broker.

This Court said, in *Wood v. Standard Phosphate Company,* 140 Md. 656, that this section of the Code "deals only with commissions in connection with the sale of real estate."

The sale in this case included both real estate and personal property, and the six thousand dollars to be paid there-

under was in consideration of both, with nothing in the contract or elsewhere showing what was to be paid for either the real estate or personal property when considered separately.    Consequently there was no ascertained basis upon which the commissions on the sale of the real estate could be computed.    The court, therefore, would have been in error had it granted the plaintiff's first prayer, which asked for commissions at the rate of five per cent. upon the six thousand dollars, which was the amount for which both the real estate and the personal property were sold; nor was it proper to allow him *"usual* broker's commissions" upon that sum, as asked for in his second prayer.

The second prayer, as modified, excluded the personal property from the consideration of the jury and they were told that if they found the facts stated in the prayer, the plaintiff should be allowed reasonable compensation for the services they found he rendered in connection with the sale of the farm, and the permanent improvements thereon. Whatever might be said as to the correctness of this instruction, there was certainly nothing in it of which the plaintiff could complain.

And we find no error in the court's refusal to grant the plaintiff's third prayer, which asked that the jury be instructed "that under the law governing the transfer of real estate every fifty cents in stamps attached to the deed, represent five hundred dollars of consideration," nor do we find any harmful error in the court's action in substituting therefor the instruction "that the law governing the transfer of real estate, requires the affixing to the deed fifty cents in stamps for each five hundred dollars of consideration."    This prayer seems to be a mere abstract proposition of law and its object or purpose is not clear to us, but we are unable to discover any reversible error in the action of the court in granting it.

From what we have said, the judgment of the trial court will be affirmed.

*Judgment affirmed, with costs.*